UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
**IM TOPCO, LLC,**

    Plaintiff,

- *against* -

**RUGS AMERICA CORPORATION,**

    Defendant.

---------------------------------- x

CIVIL ACTION NO._____

**COMPLAINT**

Plaintiff, IM TOPCO, LLC ("Plaintiff"), by and through its attorneys, Epstein Ostrove, LLC, for its Complaint against Defendant RUGS AMERICAN CORPORATION ("Defendant"), says:

## NATURE OF ACTION

1. This case arises from Defendant's material breach of a trademark license granted to Defendant by Plaintiff and Defendant's intentional infringement of Plaintiff's Mizrahi Marks following termination of the license.

2. Plaintiff is entitled to monetary damages arising from Defendant's breach of contract and trademark infringement, along with preliminary and permanent injunctive relief to stop Defendant from further infringement of Plaintiff's intellectual property rights.

## JURISDICTION, PARTIES, AND VENUE

3. This is a civil action alleging trademark infringement under Section 32 of the Lanham Act (15 U.S.C. §1114); false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)(1)(A)); trademark infringement under New York common law, unfair competition under New York common law; and breach of contract.

4. This Court has subject matter jurisdiction of Plaintiff's claims for relief for violation of the Lanham Act pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S. Code §1367.

6. Venue is proper under 28 U.S.C. §1391(b) and (c) in that the Defendant is located in the State of New York, and the subject agreement requires any controversies arising out the agreement shall be resolved "in a federal or state court of competent jurisdiction located in the State of New York, County of New York."

## PARTIES

7. Plaintiff is a Delaware limited liability company with its principal place of business at 530 Fifth Ave., Floor 12, New York, New York 10036.

8. Upon information and belief, Defendant is a corporation with its principal place of business at 10 Daniel Street, Farmingdale, New York 11735.

## FACTS

### I. The Trademark License Agreement

9. Plaintiff is the owner of the incontestable registered trademark "Isaac Mizrahi," along with the "Isaac Mizrahi Home" design mark, the "IsaacMizrahiLive!" mark, and the registered trademarks shown in **Schedule 1** (collectively, the "Mizrahi Marks") for a variety of consumer goods and services.

10. Plaintiff and its predecessors-in-interest have expended considerable resources to protect the Mizrahi Marks.

11. Plaintiff (as successor-in-interest to IM Brands, LLC) and Defendant were parties to a written trademark license agreement dated October 11, 2019 (with its First Amendment dated July 25, 2022, the "Agreement").

12. On and subject to the terms and conditions of the Agreement, Plaintiff granted to Defendant the right to use the Mizrahi Marks on and in connection with the manufacture, distribution,

promotion, advertising, and sale of certain rug products ("Licensed Products"), for a term extending through December 31, 2023.

13. The Agreement required that Defendant pay royalties to Plaintiff based on Defendant's sales of Licensed Products ("Percentage Royalties") on a quarterly basis.

14. The Agreement further required that Defendant transmit to Plaintiff a written sales report signed by an officer of Defendant, along with each payment of Percentage Royalties.

15. The Agreement expired on December 31, 2023.

16. The Agreement further required that, within 10 business days following the expiration of the Agreement, Defendant was to provide Plaintiff with a written inventory of all fully-manufactured Licensed Products in Defendant's possession or in warehouses owned, leased, or used by Defendant and all work in progress.

17. Subject to a 120-day sell-off period following the expiration of the Agreement (the "Sell-Off Period"), the Agreement required that Defendant immediately discontinue any and all use of the Mizrahi Marks, whether in connection with the sale, advertisement, or manufacture of Licensed Products or otherwise.

18. The Agreement further provided that, no later than the thirty (30) days prior to the expiration of the Sell-Off Period, Defendant shall provide Plaintiff an inventory of all Licensed Products bearing the Mizrahi Marks in Defendant's possession or in warehouses.

19. The Sell-Off Period ended on April 29, 2024.

20. Defendant continued selling Licensed Products after the Sell-Off Period without Plaintiff's consent.

21. Defendant did not pay Percentage Royalties to Plaintiff on Defendant's unauthorized sales.

22. Defendant made sales of Licensed Products without delivering sales reports to Plaintiff.

23. Defendant failed to provide Plaintiff with a written inventory of Licensed Products in Defendant's possession, custody or control.

24. Defendant failed to deliver to Plaintiff an inventory of all Licensed Products bearing the Mizrahi Marks in Defendant's possession or in its warehouses, as required by § 9.5 of the Agreement.

25. On or about May 15, 2024, Plaintiff sent a Notice of Default to Defendant, demanding, among other things, that Defendant (1) cease and desist from any use of Plaintiff's intellectual property; (2) cease and desist from any sales of any products bearing any of Plaintiff's intellectual property; (3) deliver a sales report showing all sales of products bearing Plaintiff's intellectual property after December 31, 2023; (4) pay to Plaintiff Percentage Royalties on all sales made by Defendant after December 31, 2023; and (5) deliver a schedule of inventory in Defendant's possession, custody and control.

26. To date, Defendant has not cured any of its defaults.

27. The Agreement provides that Defendant shall pay "interest at the then-existing prime rate of J.P. Morgan Chase plus four percent (4.0%) annum on any payment of royalties not made to Licensor by ten (10) days following the due date." (Agreement, § 2.6).

28. The Agreement further provides that "[t]he prevailing party in any dispute, as determined by the trier of fact, shall be entitled to receive from the non-prevailing party an amount equal to the reasonable attorneys' fees, costs and expenses incurred by the prevailing party in connection with such dispute, and in any action or proceeding to collect such fees, costs and expenses therefor." (*Id.* at § 12.11).

## COUNT I: TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT (15 U.S.C. §1114))

29. Plaintiff repeats and realleges its allegations to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Plaintiff owns the well-known Mizrahi Marks and owns valid and subsisting federal registrations for the Mizrahi Marks, which have been and continue to be used in commerce.

31. Defendant sells rugs in connection with the Mizrahi Marks in interstate commerce without Plaintiff's permission or authorization.

32. Defendant's actions set forth above are calculated to cause, have caused, are continuing to cause, and are likely to cause confusion, mistake, and/or deception as to the source of Defendant's goods or as to Defendant's affiliation, connection, approval, or association with Plaintiff.

33. Defendant's sale of infringing goods in connection with the Mizrahi Marks in interstate commerce without the approval of Plaintiff constitutes trademark infringement actionable under Section 32 (1)(a) of the Lanham Act, 15 U.S.C. § 1114 (1)(a).

34. If the sale of infringing merchandise in connection with the Mizrahi Marks by Defendant is not enjoined by this Court:

   a) the public will be confused, misled, and deceived as to the source and origin of Defendant's products and will mistakenly assume that Defendant's infringing merchandise is authorized, sponsored, approved or produced by or for Plaintiff, or that Defendant are affiliated with Plaintiff;

   b) consumers will be misled into purchasing unauthorized products, causing dilution and irreparable damage to the distinctive value and reputation of the Mizrahi Marks; and

    c) Defendant will be unjustly enriched by its misappropriation of the substantial goodwill of the Mizrahi Marks.

35. Plaintiff has no adequate remedy at law.

36. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1114 et seq., including injunctive relief.

37. Section 32 of the Lanham Act provides, in pertinent part, that:

(1) Any person who shall, without the consent of the registrant—

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action[.]

15 U.S.C. §1114.

38. Plaintiff is the owner of the federally registered Mizrahi Marks.

39. The Mizrahi Marks are valid and legally protectable.

40. Defendant's acts as alleged herein constitute infringement and are likely to cause confusion, as Defendant is no longer affiliated with Plaintiff as consumers are likely to believe that Plaintiff, not Defendant, is the source of the Licensed Products without the requisite control by Plaintiff over Defendant's use of the Mizrahi Marks.

41. Defendant's acts as alleged herein have caused and will continue to cause Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law, in that (i) Plaintiff has unique and valuable property rights in the Mizrahi Marks; (ii) Defendant's infringement constitutes a

6

substantial interference with Plaintiff's goodwill and customer relationships; and (iii) Defendant's activities, and the harm resulting to Plaintiff continues. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief.

42. Because Defendant's acts have been committed with intent, Plaintiff is entitled to recover Defendant's profits and reasonable royalties, together with Plaintiff's damages, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act (15 U.S.C. §1117(a)).

## COUNT II: FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(A)

43. Plaintiff realleges by reference the allegations contained in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Defendant's sales of rugs in connection with the Mizrahi Marks constitute unfair competition, false designation of origin, and false representation in connection with products distributed in interstate commerce in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. The Mizrahi Marks are inherently distinctive and have a presumption of validity. Plaintiff has continuously promoted and used the Mizrahi Marks in the United States. Through that extensive and continuous use, the Mizrahi Marks has become a well-known indicator of the quality and origin of Plaintiff's Goods and Services.

46. Defendant's unfair competition has caused, and will continue to cause, Plaintiff to suffer damage to its business, reputation, goodwill, profits, and the strength of its service marks, and is causing ongoing irreparable harm to Plaintiff for which there is no adequate remedy at law.

47. On information and belief, Defendant's actions constituting unfair competition, false designation of origin, and false representation are willful and deliberate.

48. Plaintiff has suffered damages as a result of Defendant's conduct in an amount to be proven at trial.

### COUNT III: TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(C)

49. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 48 as though fully set forth herein.

50. The Mizrahi Marks are inherently distinctive and famous, and through many years of use by Plaintiff (through its predecessors-in-interest) have come to represent, worldwide, the highest standards of quality and character unique to Plaintiff.

51. Defendant's use of the famous and distinctive Mizrahi Marks constitutes a commercial use in commerce of a mark or trade name, which has caused and will continue to cause irreparable dilution of the distinctive quality of the Mizrahi Marks.

52. Defendant has willfully intended to trade on Plaintiff's reputation and the reputation of Plaintiff and cause dilution of Plaintiff's famous and distinctive Mizrahi Marks in violation of 15 U.S.C. § 1125(c).

53. By reason of the foregoing, Plaintiff is entitled to damages and injunctive relief.

### COUNT IV: COMMON LAW UNFAIR COMPETITION

54. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 53 as though fully set forth herein.

55. Defendant's unauthorized and infringing use of the Mizrahi Marks constitutes misappropriation and infringement of such trademarks, actionable under the law of unfair competition. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained.

## COUNT V: TRADEMARK INFRINGEMENT IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-K

56. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff owns valid and subsisting trademark registrations for the Mizrahi Marks

58. Defendant's unauthorized use of such trademarks in New York State without Plaintiff's consent for the purpose of selling rugs not approved by Plaintiff for sale to the general public has caused and continues to cause confusion, mistake, and deception in the minds of the public.

59. By selling infringing rugs in connection with the Mizrahi Marks, Defendant has infringed the Mizrahi Marks and has willfully violated Section 360-k of the New York General Business Law.

60. Defendant's misappropriation and infringement of the Mizrahi Marks in New York State was willfully committed with the intent to cause confusion or mistake or deception among the consuming public.

61. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in New York General Business Law § 360-k, 360-l and 360-m.

## COUNT VI: DECEPTIVE TRADE PRACTICES AND FALSE ADVERTISING IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTIONS 349.350 AND 350-E)

62. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 61 as though fully set forth herein.

63. Defendant's misappropriation and infringement of the Mizrahi Marks represents a deliberate attempt to mislead consumers into believing that its infringing rugs are authorized, sponsored, or otherwise affiliated with Plaintiff.

9

64. By engaging in such false and misleading marketing of its products, Defendant has engaged in deceptive acts or practices in violation of New York General Business Law g 349 and false advertising in violation of New York General Business Law §§ 350 and 350-e.

65. Such violations have resulted, upon information and belief, in profits to Defendant and have substantially harmed Plaintiff by depriving it of revenue to which it is entitled as a result of Defendant's unauthorized association of its rugs with Plaintiff.

66. By reason of the foregoing, Plaintiff is entitled to the remedies provided for in New York General Business Law §§ 349, 350 and 350-e.

67. Plaintiff has suffered damages as a result of Defendant's conduct in an amount to be proven at trial.

## COUNT VII: BREACH OF CONTRACT

68. Plaintiff repeats and realleges its allegations to Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. Plaintiff fully performed its obligations under the Agreement, as amended by the Amendment.

70. Defendant materially breached the Agreement and the Amendment by, among other things, continuing to sell Licensed Products after the Expiration Date without consent from Plaintiff; continuing to use the Mizrahi Marks without consent from Plaintiff; failing to deliver the sales report to Plaintiffs; failing to pay Percentage Royalties to Plaintiff; and failing to deliver to Plaintiff the inventory list of what is in Defendant's possession, custody, and control.

71. Consistent with Section 9.1 of the Agreement, Plaintiff provided Defendant with the Notice of Default and an opportunity to cure.

72. Notwithstanding having notice and opportunity to cure, to date and despite demand, Defendant has not cured its breach of the Agreement, as amended by the Amendment.

73. As a direct and proximate cause of Defendant's breach of the Agreement, as amended by the Amendment, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, hereby demands the following relief in favor of Plaintiff and against Defendant:

a. A preliminary and permanent injunction enjoining, barring, and restraining Defendant and its agents, servants, employees, successors, licensees, assigns and all persons in active concert or participation with any of them, from using, manufacturing, producing, selling, distributing, advertising, promoting, displaying, or exploiting any of the Mizrahi Marks and Licensed Products, or any other marks, designs, products, designations, or displays confusingly similar thereto;

b. A preliminary and permanent injunction enjoining, barring, and restraining Defendant and its agents, servants, employees, successors, licensees, assigns and all persons in active concert or participation with any of them, from committing any other acts calculated or likely to cause consumers to believe that Defendant is in any manner connected, affiliated or associated with or sponsored or approved by Plaintiff; and

c. Compelling Defendant, pursuant to Agreement § 9.3, to deliver to Plaintiff a written inventory of all Licensed Products in Defendant's possession or in any warehouses owned, leased or used by Defendant;

d. Compelling Defendant, pursuant to 15 U.S.C. § 1118, to deliver to Plaintiff for destruction all Licensed Products, and any materials bearing the Mizrahi Marks within Defendant's possession, custody, or control, either directly or indirectly, or any other marks, designs, products, designations, signs, or displays confusingly similar thereto;

e. Awarding consequential damages to Plaintiff, pursuant to 15 U.S.C. § 1117(a);

f. Awarding compensatory damages, including, but not limited to, Percentage Royalties due and owing to Plaintiff, pursuant to the Agreement § 2.3;

g. Awarding Plaintiff attorneys' fees and costs in this action, pursuant to 15 U.S.C. § 1117(a), and Agreement § 12.11;

h. Awarding Plaintiff interest, pursuant to Agreement § 2.6; and

i. Awarding Plaintiff such other and further relief as the Court may deem equitable and proper.

Dated: New York, NY
July 1, 2024

By: /s/ Elliot D. Ostrove

Elliot D. Ostrove, Esq.
EPSTEIN OSTROVE, LLC
43 West 43rd Street, Suite 139
New York, NY 10036
Telephone: 646-300-8600

-And-

200 Metroplex Drive, Suite 304
Edison, New Jersey 08817
Telephone: 732-828-8600
Fax: 732-828-8601
e.ostrove@epsteinostrove.com

## SCHEDULE 1

| Mark | Details | Goods/Services |
|---|---|---|
| **ISAAC MIZRAHI**<br>Jurisdiction: US<br>Reg: 4769284<br>Serial: 85982897 | Registered<br>Affidavits: 8; 15<br>Reg: 07/07/2015<br>Pub: 02/19/2013<br>Filed: 04/13/2012<br>First Use: 09/01/2014<br>Current Basis: 1a<br>**Section 8 & 15 - Accepted And Acknowledged** | **003** shower gels; anti-bacterial soaps; body oils; perfumed bath and body soaps; skin cleansers; lotions; moisturizers; creams; fragrances and scented body lotions, shower gels, after shaves, body deodorants, face creams and body creams;<br><br>**009** battery chargers for use in cars; carrying cases, holders, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with handheld electronic devices, namely, electronic readers, smart phones, tablets, and laptops; ear buds; eyewear; headphones; micro audio speakers; power supply connectors and adaptors for use with personal electronic devices, namely, electronic readers, smart phones, tablets, and laptops; protective covers specially adapted for personal electronic devices, namely, electronic readers, smart phones, tablets, and laptops; reading glasses;<br><br>**014** women's and men's cuff bracelets;<br><br>**018** backpacks, knapsacks, business totes, tote bags, cross-body bags, namely, messenger bags and handbags, flat bags, namely, handbags, diaper bags, duffle bags, gym bags, handbags, luggage, messenger bags, shopping totes, grocery totes, tote bags, travel bags and matching cosmetic bags and cases sold empty; small leather goods, namely, key cases, pouches, and business and credit card holders in the nature of card cases;<br><br>**025** aprons; bibs of cloth for children; children's and infant's apparel, namely, pants, shirts, t-shirts, skirts, dresses, coats, jackets, sweaters and socks; footwear not for sports; men's and women's belts; men's |

| | | | |
|---|---|---|---|
| | | dress shirts; men's neckwear; shapewear, namely, girdles, body shapers, bodysuits, lingerie, and hosiery; men's and women's sleepwear and loungewear; women's day and evening dresses; women's footless and footed tights, stockings, leggings, knee highs, and hosiery; men's and women's hooded shirts and sweatshirts; women's intimate apparel, namely, bras, slips, camisoles, and panties; men's and women's jackets; men's and women's knit bottoms, tops, and trousers; men's and women's woven bottoms, tops, and trousers; men's and women's outerwear, namely, coats and jackets; men's and women's socks; men's and women's sweatshirts; | |
| **ISAAC MIZRAHI**<br>Jurisdiction: US<br>Reg: 3293901<br>Serial: 78875239 | Registered<br>Renewal: 09/18/2017<br>Affidavits: 8; 15<br>Reg: 09/18/2007<br>Pub: 07/03/2007<br>Filed: 05/03/2006<br>First Use: 01/01/1988<br>Current Basis: 1a<br>**Registered And Renewed** | 025 clothing, namely, jeans, parkas, belts, hosiery, and leggings; footwear; shoes; sandals; boots; | |
| **I**<br>Jurisdiction: US<br>Reg: 4463250<br>Serial: 85539139<br><br>**I** | Registered<br>Affidavits: 15<br>Reg: 01/07/2014<br>Pub: 02/19/2013<br>Filed: 02/10/2012<br>First Use: 08/01/2013<br>Current Basis: 1a<br>**Partial Section 8 & 15 Accepted And Acknowledged** | 018 leather and imitations of leather, and goods made of these materials and not included in other classes, namely, handbags, carrying cases and wallets;<br><br>025 footwear; headgear, namely, hats and caps; | |
| Jurisdiction: US<br>Reg: 3354162<br>Serial: 78875570 | Registered<br>Renewal: 12/11/2017<br>Affidavits: 8; 15<br>Reg: 12/11/2007<br>Pub: 12/19/2006<br>Filed: 05/03/2006<br>First Use: 06/01/2007 | 018 shoulder; tote; travel bags; purses; satchels; | |

| | Current Basis: 1a<br>**Registered And Renewed** | |
|---|---|---|
| **ISAAC MIZRAHI**<br>Jurisdiction: US<br>Reg: 3942020<br>Serial: 77981234 | Registered<br>Renewal: 04/05/2021<br>Affidavits: 8; 15<br>Reg: 04/05/2011<br>Pub: 11/03/2009<br>Filed: 06/16/2009<br>First Use: 08/01/2010<br>Current Basis: 1a<br>**Registered And Renewed** | 035 retail store and on-line retail store services featuring apparel, accessories, fragrances and cosmetics; |
| **ISAAC MIZRAHI**<br>Jurisdiction: US<br>Reg: 2150771<br>Serial: 75267953 | Registered<br>Renewal: 04/14/2018<br>Reg: 04/14/1998<br>Pub: 01/20/1998<br>Filed: 04/02/1997<br>First Use: 01/01/1988<br>Current Basis: 1a<br>**Registered And Renewed** | 009 eye glass frames and sunglasses;<br><br>025 clothing, namely, bathing suits, boots, coats, dresses, jackets, jeans, jumpsuits, leggings, pants, parkas, sandals, shirts, shoes, shorts, skirts, suits, sweaters, t-shirts and vests; |
| **ISAAC MIZRAHI**<br>Jurisdiction: US<br>Reg: 3293902<br>Serial: 78875764 | Registered<br>Renewal: 09/18/2017<br>Affidavits: 8; 15<br>Reg: 09/18/2007<br>Pub: 07/03/2007<br>Filed: 05/03/2006<br>First Use: 02/01/1992<br>Current Basis: 1a<br>**Registered And Renewed** | 018 leather goods, namely, hand bags, attaché cases, briefcases, tote bags, luggage, knapsacks, wallets, change purses, business and credit card cases; |
| **ISAACMIZRAHILIVE**<br>Jurisdiction: US<br>Reg: 4079221<br>Serial: 85210764 | Registered<br>Renewal: 01/03/2022<br>Affidavits: 8; 15<br>Reg: 01/03/2012<br>Pub: 10/18/2011<br>Filed: 01/05/2011<br>First Use: 01/01/2010<br>Current Basis: 1a | 035 on-line retail store services featuring clothing and shoes, home products, jewelry and accessories; |

| | | |
|---|---|---|
| **ISAAC MIZRAHI LIVE**<br>Jurisdiction: US<br>Reg: 6804268<br>Serial: 97215794 | **Registered And Renewed**<br>Registered<br>Reg: 07/26/2022<br>Pub: 05/10/2022<br>Filed: 01/12/2022<br>First Use: 09/01/2020<br>Current Basis: 1a<br>**Registered** | 033 wine; |
| **ISAACMIZRAHILIVE**<br>Jurisdiction: US<br>Reg: 4370592<br>Serial: 85207090 | Registered<br>Affidavits: 8; 15<br>Reg: 07/23/2013<br>Pub: 10/18/2011<br>Filed: 12/29/2010<br>First Use: 01/01/2010<br>Current Basis: 1a<br>**Registered And Renewed** | 018 clutch bags; handbags; purses; wallets; tote bags; |
| Jurisdiction: US<br>Reg: 3931846<br>Serial: 77781922 | Registered<br>Renewal: 03/15/2021<br>Affidavits: 8; 15<br>Reg: 03/15/2011<br>Pub: 09/29/2009<br>Filed: 07/15/2009<br>First Use: 01/01/2010<br>Current Basis: 1a<br>**Registered And Renewed** | 025 belts for clothing; coats; denims; dress suits; dresses; fur coats; men's and women's jackets, coats, trousers, vests; pants; shirts; shoes; skirts; t-shirts; |
| **ISAAC MIZRAHI**<br>Jurisdiction: US<br>Reg: 4978256<br>Serial: 85597421 | Registered<br>Affidavits: 8<br>Reg: 06/14/2016<br>Pub: 02/19/2013<br>Filed: 04/13/2012<br>First Use: 12/01/2012<br>Current Basis: 1a<br>**Section 8 - Accepted** | 004 scented candles;<br><br>008 flatware, namely, knives, forks, and spoons;<br><br>020 pet beds; accent furniture; bath accessories, namely, shower curtain hooks; decorative pillows; hanging shoe and other closet hanging rack devices; picture frames; sleeping pillows; hard and soft storage boxes made of nylon or canvas;<br><br>021 bakeware; bath accessories, namely, wastebaskets; cookware, namely, baking dishes, pots and pans; dinnerware, namely, plates, dessert plates, bowls, cereal bowls, |

16

| | | |
|---|---|---|
| | | soup bowls, salad bowls, mugs, saucers, wine glasses, water glasses, tea cups, serving bowls and serving platters; glassware for beverages; ironing board covers; lint rollers; napkin rings; paper towel holders; plates, bowls, cups, and serving platters made of melamine; thermally insulated bags and containers for food and beverage;<br><br>**022** laundry bags;<br><br>**024** bath accessories, namely, shower curtains; beach towels; bed sheets; blankets, namely, bed blankets, baby blankets and travel blankets; comforters; coverlets; duvet covers; pillowcases; throws;<br><br>**027** rugs; |
| **FABULOUS ISAAC MIZRAHI**<br>Jurisdiction: US<br>Reg: 4502577<br>Serial: 85753799 | Registered<br>Affidavits: 8; 15<br>Reg: 03/25/2014<br>Pub: 05/21/2013<br>Filed: 10/15/2012<br>First Use: 01/01/2013<br>Current Basis: 1a<br>**Section 8 & 15 - Accepted And Acknowledged** | **003** shower gels; perfumed bath and body soaps; skin cleansers; skin lotions and moisturizers; skin creams; fragrances; scented body lotions; shower gels; body creams; skin cleansing creams; non-medicated skin creams; perfume; |
| **ISAACMIZRAHILIVE**<br>Jurisdiction: US<br>Reg: 3935410<br>Serial: 77890574 | Registered<br>Renewal: 03/22/2021<br>Affidavits: 8; 15<br>Reg: 03/22/2011<br>Pub: 05/04/2010<br>Filed: 12/10/2009<br>First Use: 01/01/2010<br>Current Basis: 1a<br>**Registered And Renewed** | **025** belts for clothing; blouses; coats; denim jackets; denims; dress suits; dresses; footwear; gloves; hats; jeans; lingerie; nightwear; pants; scarves; shirts; shoes; skirts; sweaters; swimwear; |